IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00511-WYD-MEH

LILLIE MAE JEFFERSON, et al.,

    Plaintiffs,
v.

CLINTON KILLIAN, et al.,

    Defendants.

## ORDER STRIKING COMPLAINT

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, after a review of the Complaint for Declaratory Judgment and Injunctive Relief (Dock. #1) pursuant to the Order of Reference from District Judge Wiley Y. Daniel dated March 22, 2007, and this Court's authority, as outlined in 28 U.S.C. § 636(c). The Complaint purports to be on behalf of approximately twenty-five separately-named plaintiffs, but includes contact information for only two individuals. The Complaint is against approximately twenty-four named Defendant individuals and corporations and three hundred unnamed individuals. The Complaint consists of over one hundred fifty pages, including exhibits, and while, it includes a general historical background of the "Mt. Zion Spiritual Temple," it fails to set forth enumerated claims for relief, other than general, conclusory allegations of constitutional violations. The Court also notes that Plaintiffs have filed no certificates of service to indicate that any of these Defendants have been properly served.

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for

1

judgment for the relief the pleader seeks." Fed.R.Civ.P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." *Blazer v. Black*, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F.Supp. 1062, 1069 (D.Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

> The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1) which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. A decision to dismiss a pleading pursuant to Rule 8 is within the trial court's sound discretion. *Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).

Although the Court construes a *pro se* plaintiff's pleadings liberally, Plaintiffs still retain "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because "a *pro se* plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*

In this case, Plaintiffs fail to provide a short and plain statement of their claims showing that they are entitled to relief in this action. In addition, Plaintiffs allege that "[v]enue is proper in the Northern District of California, pursuant to Title 28 U.S.C. § 1391(b), because the claims arose in he [sic] District." Dock. #1, p. 8, ¶ 5. In fact, it appears that Plaintiffs may have filed this action in Districts around the country, because the Complaint includes pleadings or sections of pleadings from other lawsuits.

Moreover, Plaintiffs appear to include the Mount Zion Spiritual Temple, Inc., as a Plaintiff

2

in this lawsuit. Plaintiffs allege that the Mount Zion Spiritual Temple, Inc., is incorporated under the law of the State of California, yet none of the Plaintiffs are represented by counsel that is licensed to practice in this District. Any of the Plaintiffs who are a corporation, partnership, or other legal entity cannot appear and continue to prosecute this case without an attorney admitted to practice before this Court representing them; in other words, Plaintiffs who are a corporation, partnership, or other legal entity cannot represent themselves in this Court.

Accordingly, Plaintiffs' Complaint for Declaratory Judgment and Injunctive Relief is **stricken**. Plaintiffs are granted leave to file an Amended Complaint consistent with Rule 8 and the other procedural requirements outlined herein on or before **July 9, 2007**.

It is FURTHER ORDERED that the Amended Complaint shall be signed by all named Plaintiffs, shall include the complete contact information for each Plaintiff, and that any of the Plaintiffs who are a corporation, partnership, or other legal entity shall only appear in this case through an attorney admitted to practice before this Court.

It is FURTHER ORDERED that the Scheduling Conference set for June 29, 2007, is **vacated** and will not be reset until Plaintiffs comply with this Order.

It is FURTHER ORDERED that, if Plaintiffs fail to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, this Court will recommend that the complaint and the action be dismissed without further notice.

Dated at Denver, Colorado this 11th day of June, 2007.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge