IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00511-WYD-MEH

LILLIE MAE JEFFERSON, et al.,

    Plaintiffs,

v.

CLINTON KILLIAN, et al.,

    Defendants.

## RECOMMENDATION FOR DISMISSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

This matter is before the Court *sua sponte* based on Plaintiffs' failure to comply with Court Orders. On June 11, 2007, this Court issued and Order Striking Plaintiffs' Complaint for failure to comply with Fed. R. Civ. P. 8(a). Dock. #4. The Court also noted several other deficiencies in Plaintiffs' Complaint, including the following:

1. The Complaint purports to be on behalf of approximately twenty-five separately-named plaintiffs, but includes contact information for only two individuals.

2. The Complaint is against approximately twenty-four named Defendant individuals and corporations and three hundred unnamed individuals, but does not state with clarity the allegations against all Defendants.

3. The Complaint consists of over one hundred fifty pages, including exhibits, and while, it includes a general historical background of the "Mt. Zion Spiritual Temple," it fails to set forth enumerated claims for relief, other than general, conclusory allegations of constitutional violations.

4. The Complaint alleges that "[v]enue is proper in the Northern District of California, pursuant to Title 28 U.S.C. § 1391(b), because the claims arose in he [sic] District." Dock. #1, p. 8, ¶ 5.

5. The Complaint appears to have been filed in Districts around the country, because the Complaint includes pleadings or sections of pleadings from other lawsuits.

      6.    The Complaint appears to include the Mount Zion Spiritual Temple, Inc., as a Plaintiff in this lawsuit. Plaintiffs allege that the Mount Zion Spiritual Temple, Inc., is incorporated under the law of the State of California, yet none of the Plaintiffs are represented by counsel licensed to practice in this District.

Finally, the Court noted that Plaintiffs have filed no certificates of service to indicate that any of these Defendants have been properly served.

Based on these deficiencies, Plaintiffs were ordered to file an Amended Complaint consistent with Rule 8 and the other procedural requirements listed in the Order Striking Complaint on or before July 9, 2007. Plaintiffs were also cautioned that a failure to file an amended complaint that complies with the Court's Order within the time allowed would result in this Court recommending that the complaint and the action be dismissed without further notice.

Plaintiffs have failed to file an Amended Complaint within the time frame allowed. Moreover, one of the Defendants has filed a letter with the Court alleging that Plaintiffs have filed the exact same lawsuit in five United States District Courts. Because of Plaintiffs' failure to cure the deficiencies listed above and for the reasons set forth in the Order Striking Complaint (Dock. #4), this Court hereby recommends that this case be **dismissed without prejudice** due to Plaintiffs' failure to comply with Court Orders. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d

Dated at Denver, Colorado this 19th day of July, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

1159, 1164 (10th Cir. 1986).